**No. 58839.**—Freedman & Slater, Inc. *v.* United States, protest 236163–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of hair of the vicuna in the grease, not scoured, the claim of the plaintiff was sustained.

**No. 58840.**—Melchers, Inc. *v.* United States, protest 226075–K (New York).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 58841.**—Braided Fabric Company *v.* United States, protest 214321–K (Philadelphia).

Opinion by WILSON, J. An examination of the papers in the case failing to disclose any reason for disturbing the classification of the collector, which was presumptively correct, the protest was overruled.

**No. 58842.**—Air Express International Agency, Inc. *v.* United States, protests 236793–K and 236794–K (Galveston).

Opinion by WILSON, J. A review of the official papers showing that the protests were untimely, same were dismissed.

**No. 58843.**—The Neuwirth Company, Inc. *v.* United States, protest 242369–K (New York).

Opinion by WILSON, J. An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.